Clarence M. Belnavis, OSB No. 942463
cbelnavis@fisherphillips.com
Stephen M. Scott, OSB No. 134800
smscott@fisherphillips.com
Janelle W. Debes, OSB No. 211543
jdebes@fisherphillips.com
FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262 Telephone
(503) 242-4263 Facsimile

Attorneys for Defendant Walmart Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ALENA WASSON,<br><br>        Plaintiff,<br><br>  v.<br><br>WALMART INC., a Delaware corporation,<br><br>        Defendant. | Case No. Case No. 26-cv-1460<br><br>DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION<br><br>Multnomah County Circuit Court<br>   Case No. 26CV29048 |

TO:       The United States District Court for the District of Oregon, Portland Division;

AND TO:   Plaintiff and her attorneys of record, Gregory Kafoury, Jason Kafoury, and KAFOURY & McDOUGAL, 411 SW 2nd Avenue, Suite 200, Portland, OR 97204.

PAGE 1 -   DEFENDANT'S NOTICE OF REMOVAL

FP 55282060.3

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(b), and 1446, Defendant Walmart Inc. ("Walmart" or "Defendant"), by and through its attorneys, hereby removes Case No. 26CV29048, entitled *Alena Wasson v. Walmart Inc.*, from the Multnomah County Circuit Court for the State of Oregon (the "State Court Action") to the United States District Court for the District of Oregon, Portland Division. Removal is proper for the reasons below.

## I.  THE STATE COURT ACTION

1.     On June 11, 2026, Plaintiff filed a civil complaint against Defendant in the State Court Action.

## II.  PAPERS FROM THE STATE COURT ACTION

2.     Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint served upon Walmart and filed in the State Court Action is attached hereto as Exhibit 1 ("Ex. 1 (Compl.)").

3.     Attached as Exhibit 2 are copies of Plaintiff's Proof of Service and Summons to Walmart. Exhibit Nos. 1 and 2 constitute all process, pleadings, and orders served on Walmart.

4.     No further proceedings have been had in the State Court Action as of the date of filing of this removal.

## III.  THE NOTICE OF REMOVAL IS TIMELY FILED

5.     In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after service of the Summons and Complaint on Walmart. Walmart was served with a copy of the Complaint on June 24, 2026. *See* Exhibit 2.

FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

## IV.     DIVERSITY JURISDICTION EXISTS

6.     This is a civil action in which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and is one in which Walmart removes pursuant to 28 U.S.C. § 1441. This is a civil action where the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000.00, and is between citizens of different states.

### A.     Complete Diversity of Citizenship Exits.

7.     A case may be heard in federal court under diversity jurisdiction if there is complete diversity; i.e., all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a). A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the same state in which the action was brought. 28 U.S.C. § 1441(a)-(b).

8.     Here, all requirements are met because Plaintiff is a citizen of Oregon and Walmart is a citizen of Delaware and Arkansas.

#### i.     Plaintiff Is a Citizen of Oregon.

9.     "An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile when the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

10.     Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

11.    Here, Plaintiff is a resident and citizen of the State of Oregon. Plaintiff does not allege that she isn't a citizen of Oregon, Plaintiff does not allege she resides in any other state, and nothing suggests that Plaintiff is or was a citizen of states other than Oregon at any time relevant to the Complaint. Ex. 1 (Compl. ¶¶ 1–2). Furthermore, Plaintiff works in the State of Oregon as an ELD Assistant at Hazelbrook Middle School in Tualatin, Oregon. *See* https://hazelbrook.ttsdschools.org/academics/academics. Plaintiff is also an active member of the Facebook Group titled "People of Tualatin" Oregon. *See* https://www.facebook.com/groups/677862395683784



12.    Plaintiff was domiciled in the State of Oregon and is therefore a citizen of Oregon for purposes of diversity jurisdiction in this matter.

### ii.    **Walmart Is a Citizen of Delaware.**

13.    For purposes of diversity, the citizenship of a corporation is the state of incorporation and its principal place of business. 28 U.S.C.§1332(c)(1).

**FISHER & PHILLIPS LLP**
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

14. Walmart is a corporation organized under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas. *See* https://egov.sos.state.or.us/br/pkg_web_name_srch_inq.show_detl?p_be_rsn=34878&p_srce=BR_INQ&p_print=FALSE

**Business Name Search**

| | | | Business Entity Data | | | 07-11-2026 20:24 |
|---|---|---|---|---|---|---|
| New Search | Printer Friendly | | | | | |
| **Registry Nbr** | **Entity Type** | **Entity Status** | **Jurisdiction** | **Registry Date** | **Next Renewal Date** | **Renewal Due?** |
| 247011-87 | FBC | ACT | DELAWARE | 05-08-1991 | 05-08-2027 | |
| **Entity Name** | WALMART INC. | | | | | |
| **Foreign Name** | | | | | | |

| | | | Associated Names | | |
|---|---|---|---|---|---|
| New Search | | Printer Friendly | | | |
| **Type** | PPB | PRINCIPAL PLACE OF BUSINESS | | | |
| **Addr 1** | 1 CUSTOMER DR | | | | |
| **Addr 2** | | | | | |
| **CSZ** | BENTONVILLE | AR | 72716 | **Country** | UNITED STATES OF AMERICA |

15. There are no other individuals or entities whose citizenship is attributed to Walmart. Walmart is considered a citizen of Delaware and Arkansas.

16. Consequently, there is complete diversity between Plaintiff and Defendant.

**B. The Amount in Controversy Requirement is Satisfied.**

17. "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). The amount in controversy is the "amount at stake in the underlying litigation" (*Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005)); this includes any result of the litigation, excluding interests and costs, that "entail[s] a payment" by the defendant. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). The amount in controversy "includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)).

FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

18.     While Walmart denies any and all liability to Plaintiff, the amount in controversy exceeds the sum or value of $75,000.00.

19.     Plaintiff alleges in her Complaint, among other things, that Walmart discriminated against her based on her race and alleged disability and medical condition. *See, e.g.*, Ex. 1 (Compl. ¶¶ 2, 4).

20.     The Complaint seeks $74,000.00 inclusive of non-economic damages, reasonable attorney fees under ORS 659A.885, and costs. Ex. 1 (Compl. ¶¶ 5–6). Plaintiff intends to move to seek an award of punitive damages. Ex. 1 (Compl. ¶ 6). However, this amount may change based on whether Plaintiff's condition resolves, persists, or worsens. *Id.*

21.     While Plaintiff pleads this amount "for jurisdictional purposes only" (i.e., to keep the case out of mandatory arbitration in state court (under $50,000) and foil federal diversity jurisdiction (over $75,000), while not limiting any actual recovery by Plaintiff), District Courts are not confined by the amount of damages pled on the face of a complaint. Rather, when assessing whether the amount in controversy exceeds $75,000 under 28 U.S.C. § 1332(a), District Courts factor punitive damages if potentially recoverable as a matter of law, as well as attorney's fees if potentially recoverable via statute or contract. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240–43 (1943).

### i.     Plaintiff Seeks to Amend to Add Punitive Damages.

22.     Pursuant to ORS 31.725, Plaintiff's Complaint cannot legally include a request for an award of punitive damages. ORS 31.725(1)-(2). Instead, Plaintiff is required to motion the court to assert a claim for punitive damages after filing the Complaint and upon a showing of evidence justifying the claim before damages can be asserted and sought. ORS 31.725(3). Thus, Plaintiff's Complaint can only assert a statement that she intends to amend to add a claim seeking punitive

PAGE 6     DEFENDANT'S NOTICE OF REMOVAL

FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

damages at a later time. Thus, on the face of the Complaint, and despite counsel's drafting error, Plaintiff's damages sought ($74,000) excludes punitive damages.

23.    Yet, Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction and must be calculated here. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

24.    Courts often apply a 1:1 ratio of punitive damages to compensatory damages when assessing the amount in controversy under 28 U.S.C. § 1332(a). *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (affirming District Court's "conservatively estimated" 1:1 ratio of punitive damages to economic damages in upholding removal).

25.    In racial discrimination cases, punitive damages commonly exceed "conservative" estimates by a wide margin. *See, e.g., Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020 (9th Cir. 2003); *Swinton v. Potomac Corp.,* 270 F.3d 794 (9th Cir. 2001); *Pavod v. Swift Transp. Co., Inc.,* 192 F.3d 902 (9th Cir. 1999).

26.    Applying the "conservative" 1:1 ratio, this case yields an equal amount of $74,000 in punitive damages, for a total of $148,000 in controversy.

### ii.    Plaintiff Also Seeks an Award of Attorneys' Fees.

27.    Plaintiff also seeks to recover attorneys' fees. *See, e.g.*, Ex. 1 (Compl. ¶¶ 5–6); Prayer for Relief. Courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in

PAGE 7    DEFENDANT'S NOTICE OF REMOVAL

FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

controversy under 28 U.S.C. § 1332(a)); *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation"). The reasonable estimation of attorneys' fees for purposes of removal is not limited to only those fees incurred as of the time of removal; rather, it is proper to consider future attorneys' fees that would reasonably accrue through the time the action is resolved. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

28.    Here, if Plaintiff were to prevail on her claims, she arguably would be entitled to recover reasonable attorneys' fees, which further increases the amount in controversy. ORS 659A.885; *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2022) ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.").

29.    Despite Plaintiff pleading that her attorneys' fees are included within the $74,000 prayer, it is certain that the said fees will exceed that amount and that Plaintiff will amend the Complaint at a later time to correct the Prayer. In fact, comparable cases filed by Plaintiff's attorneys against Walmart show Plaintiff's attorneys charge upwards of $525/hour, resulting in $100,000 plus in attorneys' fee petitions. *See Michael Mangum v. Walmart, et al.,* Multnomah County Circuit Court, Case No. 20CV18273.

30.    Thus, Plaintiff's attorneys' fees are likely to be, at a minimum, $100,000, exceeding the amount in controversy requirement alone.

31.    While Walmart denies any and all liability to Plaintiff, including that it is liable for Plaintiff's alleged damages, the amount placed into controversy by the Complaint and evidence establishes this matter exceeds $75,000.00, exclusive of interest and costs.

FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

## VI.   WALMART HAS SATISFIED THE OTHER PREREQUISITES FOR REMOVAL

32.     As discussed above, this Notice of Removal is filed within 30 days of service of the Summons and Complaint on Walmart, and all pleadings filed in this action are attached hereto as **Exhibit Nos. 1 and 2**.

33.     Venue lies in the District of Oregon pursuant to 28 U.S.C. § 117, § 1441(a), and 1446(a).

34.     Plaintiff originally brought this action in the Multnomah County Circuit Court, and she alleges the events that give rise to this lawsuit occurred in its jurisdictional area. Ex. 1 (Compl. ¶¶ 1–2). Therefore, this is the appropriate Court for removal.

35.     As required by 28 U.S.C. § 1446(d), Walmart promptly will serve Plaintiff with this Notice of Removal and promptly will file a copy of this Notice of Removal with the Multnomah County Circuit Court.

36.     If any question arises as to the propriety of the removal of this action, Walmart requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

37.     By this Notice of Removal and the attached exhibits, and the concurrently filed documents, Walmart does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint, and it expressly reserves the right to assert any and all defenses and file all motions necessary in its defense against Plaintiff's allegations, including that this matter was not commenced within the time allowed by statute and failure to state a claim. ORCP 21 A(1)(h)-(i); FRCP 12 B(6).

FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

## VII.    CONCLUSION

38.    Pursuant to 28 U.S.C. § 1332(a) and in accordance with the procedures set forth in 28 U.S.C. § 1446, Walmart requests that the action above pending in the Multnomah County Circuit Court be removed to the United States District Court for the District of Oregon, Portland Division.

DATED this 15th day of July 2026.

FISHER & PHILLIPS LLP

*s/Janelle W. Debes*
Clarence M. Belnavis, OSB No. 942463
cbelnavis@fisherphillips.com
Stephen M. Scott, OSB No. 134800
smscott@fisherphillips.com
Janelle W. Debes, OSB No. 211543
jdebes@fisherphillips.com
(503) 242-4262 Telephone
(503) 242-4263 Facsimile

*Attorneys for Defendant*

PAGE 10    DEFENDANT'S NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Defendant Walmart Inc.'s Notice of Removal

on:

  Gregory Kafoury, OSB No. 741663
  Jason Kafoury, OSB No. 091200
  KAFOURY & McDOUGAL
  411 SW 2nd Avenue, Suite 200
  Portland, OR 97204
  Phone: 503-224-2647
  Fax: 503-224-2673
  kafoury@kafourymcdougal.com
  jkafoury@kafourymcdougal.com

  *Attorneys for Plaintiff*

by the following indicated method or methods on the date set forth below:

  ☒ Email

  ☒ First-class mail, postage prepaid (July 16, 2026).

  DATED this 15th day of July 2026.

                                        *s/Janelle W. Debes*
                                        Janelle W. Debes, OSB No. 211543

                                        *Of Attorneys for Defendant*

**FISHER & PHILLIPS LLP**
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

FP 55282060.3